## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### Civil Division

**CRAIG BRYAN,**
     1745 South 700 East
     Salt Lake City, UT  84105,

And

**ANNABELLE BRYAN**
     1745 South 700 East
     Salt Lake City, UT  84105
        Plaintiffs,

vs.

**SUNSTONE K9 LESSEE, INC.**                        **CIVIL ACTION NO.:**
120 Vantis, Suite 350
Aliso Viejo, CA  92656
    DBA: Renaissance Hotel
       Washington DC

     **Registered Agent:**
     NATIONAL REGISTERED AGENTS
     1015 15th Street, NW
     Suite 1000
     Washington, DC  20005,

And

1

**FREEMAN DECORATING SERVICES**
**DBA: FREEMAN AUDIO VISUAL, INC.**

  1600 Viceroy Drive
  Suite 100
  Dallas, Texas 75235

  Registered Agent:
  CORPORATION SERVICE
  COMPANY
  1090 Vermont Avenue, NW
  Washington, DC 20005

    Defendants.

## FIRST AMENDED COMPLAINT

  Comes now the Plaintiffs, Craig and Annabelle Bryan, by and through their attorneys, Caragh Fay and Molly Patricia Hoffman of Fay Kaplan Law, P.A., and file this Complaint against the Defendant, Renaissance Hotel and Freeman Decorating Services and in support of their complaint state as follows:

## JURISDICTION AND VENUE

  1. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the Plaintiffs are citizens of a different state from the Defendant and the value of the matter in controversy exceeds $75,000.

  2. Venue in this district is proper pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to this claim occurred in Washington, D.C.

## PARTIES

3.    At all times relevant to the matters set forth in this Complaint, Plaintiffs, Craig Bryan and Annabelle Bryan, were citizens and residents of the State of Utah and were married to each other.

4.    At all times relevant to the matters set forth in this Complaint, Defendant Renaissance Hotel was a corporation domiciled, transacting business, organized and existing under the laws of Washington, D.C. and was operating as a retail establishment known as Renaissance Hotel located at 999 Ninth N.W., Washington, DC  20001.

5.    Upon information and belief, Defendants employed or contracted as the principal for the services of salespeople, maintenance workers and repairmen who provided services to the Defendant as described herein; or were in partnership with each other and therefore is liable under the doctrines of *respondant superior* and/or joint and several liability for any acts or omissions of its employees, partners, agents, contractors, or assigns which caused injury to the Plaintiffs.

6.    At all times relevant to the matters set forth in this Complaint, Defendant Renaissance Hotel owned and exercised dominion and control over the hotel located at 999 Ninth Street, N.W., Washington, DC  20001.

## FACTS

7.    On June 21, 2012, Renaissance Hotel, owned and operated by Marriott, held a conference namely, the Department of Defense and Department of Veteran Affairs, Suicide Prevention Conference.

8.    On June 21, 2012 the Plaintiff, Craig Bryan, attended this conference. In the early afternoon, the conference had an afternoon break, in which Craig Bryan approached the exit.

While walking through the walking path thru the dimly lit room, Craig Bryan, by no fault of his own, suddenly caught his foot into the edge of a heavy duty cable ramp/protector, and fell to the ground.

9.      At said time and place, both Defendants knew they were responsible for the safe maintenance of this cable cover/protector and the safety hazard needed to be addressed.

10.     At all times relevant, Defendants had a duty to inspect and assure that the walking surfaces of the conference were free of hazards and the cable ramps were properly placed and installed and warn of any potential tripping or falling hazards.

11.     At all times relevant, Defendants owed a duty to install, inspect and assure that the cable ramps were properly installed on the public walkways, and that the cable cover was at all times in a reasonable safe condition and did not create any hazards which exposed users of the public walkways to a tripping hazard, and to warn of any potential tripping hazards.

12.     Defendants placed no warnings, protection cones, barriers, or warnings of any kind, or barricaded the area to alert conference attendees that cables and/or a cable ramp/cover are present in a very dimly lit area.

13.     Upon information and belief, Defendants did not ensure the cable cover/ramp was properly placed and the floor plans for the arranged conference was appropriate and sufficient for the number of attendees and sufficient for appropriate exiting pathways.

14.     As a direct and proximate result of the Defendants' actions and omissions, all without any negligence or wrongdoing on the part of Plaintiff, Craig Bryan sustained numerous personal injuries to his body, suffered humiliation and embarrassment, suffered mental distress, and medical expenses and will endure pain and expenses in the future. At no time did Mr. Bryan assume the risk of said injuries.

4

## COUNT I- NEGLIGENCE

15.    Plaintiffs re-allege and incorporate by reference paragraphs one (1) through forteen (14) as if fully set out herein.

16.    At all times relevant herein, Defendants, through agents, employees, and servants negligently caused a falling hazard to exist at 999 Ninth Street N.W., Washington, DC 20001, for an unreasonably long period of time that exposed attendees of the conference to the risk of tripping and sustaining injury without any warning of that hazard.

17.    Both Defendants owed a duty to inspect the cable covers and cables, and layout of the conference room before the conference, to identify any hazards, and remedy, eliminate, and/or warn of any hazards, and to protect attendees of risk of tripping and/or falling.

18.    The Defendants, their agents, employees, partners and assigns were negligent, reckless, careless and breached the duties imposed on it in a manner including but not limited to the following particulars;

     a.  Creating and causing a dangerous and hazardous condition/obstruction on their premises by failing to properly install cover cables;

     b.  Creating and causing a dangerous and hazardous condition in the layout of a conference room for a conference;

     c.  Failing to conduct an appropriate inspection that would have revealed a dangerous hazard;

     d.  Failing to take appropriate measures to remediate the dangerous hazard;

     e.  Violating city and federal ordinances and statutes;

     f.  Failing to place appropriate hazard warnings and barriers in parts of the conference room not appropriate for attendees to walk;

g. Lulling the attendees of the conference into a false sense of security by provided an unsafe conference room layout and proper exit walkways, free of hazards;

h. Failure to ensure safe lighting during times in which it is reasonably expected that attendees will be approaching the exits; and

i. In being negligent in other respects.

19. As direct and proximate result of the Defendants' negligence, the Plaintiff Craig Bryan, with no negligence on his part, suffered personal injuries, humiliation, embarrassment, mental distress, and medical expenses. Mr. Bryan will continue to endure pain and suffering and by reason of his injuries and has been required to expend funds for medicines, doctors, hospitals, nurses and other medical care and has suffered has permanent injuries and Plaintiff Craig Bryan has thereby suffered damages in the amount of **THREE HUNDRED THOUSAND DOLLARS ($300,000.00).**

**WHEREFORE**, the Plaintiff, Craig Bryan, demands judgment against the Defendants in the amount of **THREE HUNDRED THOUSAND DOLLARS ($300,000.00),** to fully and adequately compensate him for his damages and losses, plus costs and interest.

## COUNT II- LOSS OF CONSORTIUM

20. Plaintiffs re-allege and incorporate by reference paragraphs one (1) through nineteen (19) as if fully set out herein.

21. As a further and direct proximate result of the acts of negligence of the Defendants, Plaintiff, Annabelle Bryan, the lawful wife of the Plaintiff, Craig Bryan, was caused to sustain a loss of services, love and affection of the Plaintiff Craig Bryan, and suffered a loss on consortium to the

detriment of the marital relationship and has suffered damages in the amount of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**.

      **WHEREFORE,** Plaintiff, Annabelle Bryan, demands judgment against the Defendants in the amount of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**, to fully and adequately compensate her for her damages and losses, plus costs and interest.

Dated:  July 29, 2014                    Respectfully submitted,


FAY KAPLAN LAW, P.A.


Caragh Fay, Esq. (Bar # 16955)
Molly Patricia Hoffman, Esq. (Bar # MD17846)
777 6th Street NW, Suite 410
Washington, DC 20001
(202) 589-1300
*Counsel for the Plaintiffs*


## Jury Demand


The plaintiff demands a trial by jury on all issues.


Caragh Fay, Esq.


7