IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CRAIG BRYAN, *et al.* | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. 14-1315 TSC |
| SUNSTONE K9 LESSEE, INC., *et al.* | * | |
| Defendants | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER AND JURY DEMAND

Sunstone K9 Lessee, Inc., one of the Defendants in the above-entitled matter, by FERGUSON, SCHETELICH & BALLEW, P.A. and Robert L. Ferguson, Jr., its attorneys, for answer to Plaintiffs' Complaint, says:

## DEFENSES PURSUANT TO RULE 12(b)

Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

## ANSWER

1. Defendant has insufficient knowledge or information to either admit or deny the allegations of paragraph 1 of the Complaint.

2. Defendant agrees that venue in this district is proper.

3. Defendant has insufficient knowledge or information to either admit or deny the allegations of paragraph 3 of the Complaint.

4. Defendant denies the allegations of paragraph 4 of the Complaint.

5.      The allegations in paragraph 5 are too general for this Defendant to respond and, in addition, contain argument and legal conclusions. Therefore, Defendant denies the allegations of paragraph 5 of the Complaint.

6.      Defendant denies the allegations of paragraph 6 of the Complaint.

7.      Defendant admits that the Renaissance Hotel is a Marriott hotel and that on or about June 21, 2012, a Department of Defense and Department of Veterans Affairs Suicide Prevention conference was held at the Renaissance Hotel in Washington, DC. Defendant denies ownership of the hotel.

8.      Defendant denies that the room where Plaintiff allegedly fell was dimly lit. Defendant has insufficient knowledge or information to either admit or deny the remaining allegations of paragraph 8 of the Complaint.

9.      Defendant denies the allegations of paragraph 9 of the Complaint.

10.     Defendant denies the allegations of paragraph 10 of the Complaint.

11.     Defendant denies the allegations of paragraph 10 of the Complaint.

12.     Defendant has insufficient knowledge or information to either admit or deny the allegations of paragraph 12 of the Complaint.

13.     Defendant denies the allegations of paragraph 13 of the Complaint.

14.     Defendant denies the allegations of paragraph 14 of the Complaint.

15.     Defendant adopts and incorporates herein by reference its responses to paragraph 1 through 14 of the Complaint.

16.     Defendant denies the allegations of paragraph 16 of the Complaint as they pertain to Defendant Sunstone K9 Lessee, Inc. Defendant has insufficient knowledge or

information to either admit or deny the allegations of paragraph 16 of the Complaint as they relate to co-Defendant Freeman Decorating Services.

17. Defendant denies the allegations of paragraph 17 as they pertain to Defendant Sunstone K9 Lessee, Inc.  Defendant has insufficient knowledge or information to either admit or deny the allegations of paragraph 17 of the Complaint as they pertain to co-Defendant Freeman Decorating Services.

18. Defendant denies the allegations of paragraph 18 of the Complaint as they pertain to Defendant Sunstone K9 Lessee, Inc.  Defendant has insufficient knowledge or information to either admit or deny the allegations of paragraph 18 of the Complaint as they pertain to co-Defendant Freeman Decorating Services.

19. Defendant denies the allegations of paragraph 19 of the Complaint.

20. Defendant adopts and incorporates herein by reference its responses to paragraphs 1 through 19 of the Complaint.

21. Defendant denies the allegations of paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

22. Plaintiffs' claims are barred by their own contributing negligence and/or assumption of risk.

23. Plaintiffs' claims are barred in whole or in part by release.

24. Plaintiff's claims are barred by the applicable statutes of limitation.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Sunstone K9 Lessee, Inc. respectfully prays this Honorable Court to dismiss Plaintiffs' Complaint and enter judgment in favor of Defendant for costs.

FERGUSON, SCHETELICH & BALLEW, P.A.

By:     */s/ Robert L. Ferguson, Jr.*
Robert L. Ferguson, Jr. (#388526)
100 S. Charles Street, Suite 1401
Baltimore, MD 21201-2725
(410) 837-2200 – phone
(410) 837-1188 – fax
rferguson@fsb-law.com
*Attorneys for Defendant Sunstone K9 Lessee, Inc.*

## JURY DEMAND

Defendant elects to have the above-entitled case tried before a jury.

FERGUSON, SCHETELICH & BALLEW, P.A.

By:     */s/ Robert L. Ferguson, Jr.*
Robert L. Ferguson, Jr. (#388526)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August 2014, the foregoing Answer and Demand for Jury Trial was served via electronic filing on:

Caragh Fay, Esquire
Molly Patricia Hoffman, Esquire
777 – 6th Street, NW, Suite 410
Washington, DC 20001
*Attorneys for Plaintiffs*

and by first-class mail, postage prepaid, to:

| | |
|---|---|
| Freeman Decorating Services<br>d/b/a Freeman Audio Visual, Inc.<br>1600 Viceroy Drive, Suite 100<br>Dallas, TX 75235<br>*Defendant* | Freeman Decorating Services<br>d/b/a Freeman Audio Visual, Inc.<br>c/o Corporation Service Company, R/A<br>1090 Vermont Avenue, NW<br>Washington, DC 20005<br>*Defendant* |

                                    */s/ Robert L. Ferguson, Jr.*
                                    Robert L. Ferguson, Jr.