**UNITED STATES DISTRICT COURT FOR THE**
**THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CRAIG BRYAN AND ANNABELLE BRYAN<br><br>Plaintiffs, | ) | |
| v. | ) | Case No.: 1:14-cv-1315 TSC |
| SUNSTONE K9 LESSEE, INC., *et al.*<br><br>Defendants | ) | |

**STIPULATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL AND INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

Whereas, Plaintiffs Craig and Annabelle Bryan and Defendants Sunstone K9 Lessee, Inc., and Freeman Audio Visual, Inc., have stipulated that certain discovery material be treated as confidential and that certain provisions of Fed. R. Evid. 502 be incorporated in an order;

Accordingly, it is this 19th day of March, 2015, by the United States District Court for the District of Columbia, ORDERED:

1. **Designation of Discovery Materials as Confidential**. All documents and information produced in the course of discovery in this action (including documents and information produced by non-parties), including but not limited to all documents produced in response to document requests and subpoenas, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits, shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by a party or non-party by placing or affixing on each page of the document, in a manner which will

not interfere with its legibility, the word "CONFIDENTIAL." Non-documentary media may be designated confidential by labeling such media "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL" only when such person in good faith believes it contains sensitive personal or business information, trade secrets, or other confidential research, development, or commercial or proprietary information that is in fact confidential or protected health information ("PHI.") A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at a party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at a party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying, but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within 20 business days after receipt of the transcript. From the date of the deposition, through this 20-day period, and continuing thereafter if so designated, the entire transcript shall be treated as confidential. Any testimony which describes a document which has been designated

as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c) Information, including personal identifying information such as private social security information, PHI or any documents or information otherwise designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

(iii) Disclosure may be made to court reporters or videographers engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents, data entry, or similar

clerical functions in connection with this action, provided they first sign the Undertaking below, a copy of which shall be retained by counsel until the conclusion of this litigation, including all appeals.

(iv) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit, provided the expert first signs the Undertaking below, a copy of which shall be retained by counsel until the conclusion of this litigation, including all appeals.

(v) Non-party deponents, on the condition that they are first placed on notice that they are prohibited from disclosing or making use of any such protected information which may be disclosed to them in the course of discovery or any other proceeding in this case, and who agree on the record that they will maintain the confidentiality of the information disclosed;

(vi) Disclosure may be made to others, if the parties so agree in writing or orally on the record.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. **Confidential Information Filed With Court.** To the extent that any materials subject to this Order (or any pleading, motion, or memorandum containing or disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED ____________________," together with a simultaneous motion pursuant to LCvR 5.1(h) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by LCvR 5.1(h). Even if the filing party believes that the materials subject to the Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Order.

3. **Party Seeking Greater Protection Must Obtain Further Order.** No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4. **Challenging Designation of Confidentiality.** A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5. **Notification Upon Receipt of Subpoena or Other Compulsory Process.** If any party receives a subpoena or other compulsory process demanding confidential material produced by another party or a non-party or is directed by any court or administrative tribunal to produce such confidential material, that party shall promptly give notice of the subpoena or

direction to the person designating the information or document confidential. The non-subpoenaed party may then seek a separate Motion for Protective Order and/or Motion to Quash if the subpoena calls for the disclosure of the non-subpoenaed party's confidential material. **Return of Confidential Material at Conclusion of Litigation.** Within sixty (60) days of the final termination of this action (including any and all appeals thereof), the parties that are subject to this Order shall destroy or return to the providing party, as specified by the providing party, all "CONFIDENTIAL" information and documents produced by the providing party during the course of this action, including all copies of such material which may have been made (including copies in the hands of outside experts or consultants and witnesses), but not including pleadings or copies containing notes or other attorney work product that may have been placed thereon by counsel for the receiving party, unless the parties agree otherwise in writing. Counsel may retain intact any pleading or transcript (including exhibits) that includes or references information designated under this Order, but shall continue to preserve its confidentiality. Unless the Court orders or permits otherwise, this Order shall continue to be binding after the conclusion of this action on any person possessing information designated "CONFIDENTIAL." Any party may seek the written permission of the other party or further order of the Court, after notice to all parties and opportunity to be heard, with respect to dissolution or modification of this Order or its application to any particular item of information.

The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

6. **Non-waiver of Privilege for Inadvertently Disclosed Materials.** Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is subject to the attorney-client privilege or the work-product

protection shall not waive the protection or the privilege for either that document or for the subject matter of that document.

7. **Return of Inadvertently Disclosed Materials**. Except in the event that the requesting party disputes the claim, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product protection shall be, upon written request, promptly returned to the producing party, or destroyed, at that party's option. If the claim is disputed, a single copy of the materials may be retained by the requesting party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502. In the event the claim is disputed, there shall be no presumption that the production was inadvertent, and the party asserting the protection or privilege shall have the burden of proof that the protection or privilege applies and has not been waived.

8. This Order shall become effective upon its joint submission by the parties to the Court for entry.

**STIPULATED AND AGREED TO:**

March 17, 2015

/s/

Molly Hoffman (DC Fed. Bar No. MD17846)
Caragh Fay (DC Fed Bar No. MD16955)
FAY KAPLAN LAW, P.A.
777 6th Street NW, Suite 410
Washington, D.C. 20001
Tel: (202) 589-1300
Cell: (202) 684-5097
molly.hoffman80@gmail.com
*Attorney for the Plaintiff*

/s/

Michelle D. Gambino (DC Bar No. 488386)
Theresa A. Queen (DC Bar No. 483644)
GREENBERG TRAURIG, LLP
1750 Tyson Boulevard, Suite 1000
McLean, VA 22102
Tel: (703) 903-7516
Fax: (703) 714-8316
gambinom@gtlaw.com
queent@gtlaw.com
*Counsel for Defendant Freeman Audio Visual, Inc.*

/s/

Robert L. Ferguson, Jr. (DC Bar No. 388526)
Jonathan D. Nelson (DC Bar No. 1015591)
FERGUSON, SCHETELICH & BALLEW, P.A.
100 South Charles Street, Suite 1410
Bank of America Center
Baltimore, MD 21201
(410) 837-2200 – phone
(410) 837-1188 – fax
rferguson@fsb-law.com
jnelson@fsb-law.com
*Counsel for Defendant Sunstone K9 Lessee, Inc.*

**IT IS SO ORDERED.**

Tanya S. Chutkan,
U.S. District Court Judge

**EXHIBIT A**

UNDERTAKING

I, ________________________, hereby attest that I have read the Stipulated Order Regarding Confidentiality of Discovery Material and Inadvertent Disclosure of Privileged Material (the "Order") entered in *Craig Bryan, et al. v. Sunstone K9 Lessee, Inc., et al.*, Civil Action No. 1:14-cv-1315-TSC, in the United States District Court for the District of Columbia (the "Action"). I agree to be bound by the Order, and I agree not to disclose information protected by the Order to any person not authorized to receive it under the terms of the Order. I further consent to the jurisdiction of the United States District Court for the District of Columbia for enforcement of the Order during the pendency of the Action and thereafter. I understand that I may be subject to contempt or other sanctions for failure to obey the Order.

________________________________

Name (please print): ____________________________

*TCO 361046059v4*